LaBar, Appellant, *v.* New York, Susquehanna & Western Railroad Company.

| 218 | 261 |
| 220 | 193 |
| 220 | [2]603 |
| 218 | 261 |
| f227 | [2]497 |

*Negligence—Railroads—Death—Conflict of laws—Right of action—Parties—Amendment—Nonsuit.*

When a suit is brought in Pennsylvania for injuries resulting in death, the action must be instituted in the name of the persons or personal representatives to whom the right of action is given by the statutes of the state in which the injuries were inflicted and the death occurred.

In an action brought by a widow in her own right against a railroad company to recover damages for the death of her husband, killed in New Jersey while in the employment of the defendant company, it is too late to amend the record by adding the name of the widow as administratrix of the deceased, as required by the New Jersey statute, after the statute of limitations has become a bar, inasmuch as this in legal effect introduces a new cause of action by the substitution of different parties.

Argued March 13, 1907. Appeal, No. 111, Jan. T., 1907, by plaintiff, from order of C. P. Monroe Co., Sept. T., 1906, No. 15, refusing to take off nonsuit in case of Catherine E. LeBar v. The New York, Susquehanna & Western Railroad Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Staples, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*A. Mitchell Palmer*, with him *Cicero Gearhart*, for appellant.—The amendment introduced no new cause of action: Snedeker v. Snedeker, 63 N. Y. Supp. 580; South Easton Borough v. Reinhart, 13 W. N. C. 389; P., W. & B. R. R. Co. v. Conway, 17 W. N. C. 429; Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Post v. Campau, 42 Michigan, 90 (3 N. W. Repr. 272); Mason v. Union Pac. Ry. Co., 7 Utah, 77 (24 Pac. Repr. 796); Patton v. Pittsburg, etc., Ry. Co., 96 Pa. 169; Hughes v. Williams, 17 Pa. Superior Ct. 229; Haughey v. Pittsburg Rys. Co., 210 Pa. 363; Weaver v. Iselin, 161 Pa. 386; Clement v. Com., 95 Pa. 107; R. R. Co. v. Keller, 67 Pa. 300; Adams v. Edwards, 115 Pa. 211; Bell v. Irwin, 5 Pa. Superior Ct. 368; Stainer v. Ins. Co., 13 Pa. Superior Ct. 25; Herbstritt v. Lacka. Lumber Co., 212 Pa. 495; Gotshall v. Langdon, 16 Pa. Superior Ct. 158; Kaylor v. Shaffner, 24 Pa. 489; Jamieson v. Capron, 95 Pa. 15; Boas v. Christ, 20 Pa. C. C. Rep. 196; Hines v. Rutherford, 67 Ga. 606; U. S. Ins. Co. v. Ludwig, 108 Ill. 514.

The statute of limitations had not barred the new plaintiff at the time of the amendment: Andrews v. Hartford, etc., R. R. Co., 34 Conn. 57.

The statute of limitations does not begin to run until a right of action is complete. A cause of action does not exist unless there be a person in existence capable of suing or being sued. The rule is that the statute begins to run at the date suit may be commenced and, once begun, it is not stayed by a party's death. If no action accrued prior to the death, none accrued until grant of administration, and the statute runs from such grant: Marsteller v. Marsteller, 93 Pa. 350; Levering v. Rittenhouse, 4 Wharton, 130; Appeal of Amole's Administrators, 115 Pa. 356; Stambaugh v. Blake, 1 Mona. 609; Riner v. Riner, 166 Pa. 617; Ewell v. Chicago & Northwestern Ry. Co., 29 Fed. Repr. 57; Glass v. Williams, 84 Tenn. 697.

*Harvey Huffman*, with him *W. B. Eilenberger*, for appellee.
—To allow the amendment would be to substitute for one who
sues without authority for herself who sues in a represen-
tative capacity, not only for the plaintiff but for two other
persons.    The courts will not allow this to be done : Garman
v. Glass, 197 Pa. 101 ; Wildermuth v. Long, 196 Pa. 541 ;
Books v. Danville Borough, 95 Pa. 158 ; McPartland v. Penna.
R. R. Co., 18 W. N. C. 79 ; Com. ex rel. Atty. General v.
Dillon, 81* Pa. 41 ; Wilhelm's Appeal, 79 Pa. 120.


OPINION BY MR. JUSTICE ELKIN, May 20, 1907 :

The husband of appellant, a locomotive fireman in the em-
ploy of the defendant company, was killed by the explosion
of the engine boiler on December 24, 1905, in the state of
New Jersey.    This action was brought in the court of common
pleas of Monroe county, this state, August 13, 1906, by his
widow, the appellant here, in her own right.    When the case
came on for trial February 13, 1907, counsel for plaintiff made
a motion to amend the pleadings by adding the name of Cather-
ine E. LaBar, administratrix of Charles D. LaBar, deceased.
The learned trial judge permitted the record and pleadings to
be so amended under exceptions, but the next day, after full
consideration, an order was made to strike off the amendment
on the ground that it introduced a new cause of action barred
by the statute of limitations, and therefore not allowable.    It
is authoritatively settled in this state that when a suit is
brought for injuries resulting in death, the action must be
instituted in the name of the persons, or personal representa-
tives, to whom the right of action is given by the statutes of
the state in which the injuries were inflicted and the death
occurred.    The action being transitory, the comity existing
between different states will enforce rights of a statutory ori-
gin when jurisdiction of the parties is acquired by the courts
here.    In such a case, however, the courts of this state will
only enforce the rights of the parties according to, and as
defined by, the lex loci.    This is the established rule in Penn-
sylvania : Usher v. Railroad Company, 126 Pa. 206.    In order
to have complied with this rule the present suit should have
been brought by the administratrix of the estate of the dece-
dent for the benefit of his widow and children.    It was not so

brought. The plaintiff sued in her own individual right, and so the case stood until the time of the trial. It is conceded that without the amendment the appellant cannot sustain her action, hence the only question to be determined is whether the learned trial judge erred in striking off the amendment to the pleadings. Unless the amendment is allowed the right of action does not exist in the plaintiff. The answer to this question depends upon whether a new cause of action was introduced or new parties were permitted to intervene. It has been many times decided that a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a vital and material defect in the pleadings be corrected after the statute of limitations has become a bar : Grier v. Assurance Company, 183 Pa. 334. To the same effect are Trego v. Lewis, 58 Pa. 463 ; Kaul v. Lawrence, 73 Pa. 410 ; Kille v. Ege, 82 Pa. 102 ; Garman v. Glass, 197 Pa. 101 ; Wilkinson v. North East Borough, 215 Pa. 486.

The learned counsel for appellant seek to avoid the application of the rule announced in these cases by insisting that the beneficiaries entitled to receive the moneys that might be recovered in this case are practically the same under the statutes of Pennsylvania and New Jersey, and, therefore, no injury is done the parties to this suit. This contention cannot be sustained under the rule of our cases. In Usher v. Railroad Company, supra, the present chief justice, in discussing the precise question, said : " At the outset we may say that the action can get no support from the fact that a closely similar statute in this state gives the right to sue, expressly and exclusively, to the widow, if there be one, for the benefit of herself and her children." This whole question was fully considered in that case, the contention there made in this respect being on all fours with the argument here, and the conclusion was reached that it would be pushing the comity which undertakes to enforce in this state a right of action which accrued in another state beyond its legitimate bounds, to assume to do for other tribunals what they would not do for themselves. In other words, as applied to the facts of the present case, if the suit had been brought in New Jersey the personal representative of the deceased husband would be required to bring it, and not the widow, in her own individual

right, and this is equally true when the suit is brought in our state.   It was not so instituted, and it is too late to amend the record so as to make the personal representative of the decedent a party to the record, as required by the New Jersey statute, after the statute of limitations had become a bar, because this in legal effect introduced a new cause of action by the substitution of different parties.

It is suggested for appellant that the statute of limitations had not become a bar at the time the amendment was asked because of the enactment by congress of what is known as the employers' liability act, in which it is provided " that no action shall be maintained under this act, unless commenced within one year from the time the cause of action accrued." It is contended that the right of action did not accrue until the personal representative was appointed, and that the suit could have been instituted, or the amendment allowed, within one year from the date of that appointment.   This is clearly an afterthought.   Questions arising under this act were not raised, nor considered in the court below, nor have any assignments of error properly brought the question before this court. As the record stands the application of that act to the facts of this case cannot be considered, and the question raised will not be determined.

Judgment affirmed.