# Mumma v. Philadelphia & Reading Railway Co., Appellant.

*Negligence—Parties—Amendment of names—Statute of limitations—Federal rule.*

1. Ordinarily under the Pennsylvania cases, a change in the party plaintiff from an individual to a representative capacity is a

change in the cause of action, and will not be allowed after the statute of limitations has become a bar; but this is not the law in the federal courts.

2. Where a wife issues a writ in her own name in trespass for the death of her husband, and three years thereafter files a statement showing a cause of action under the Federal Employers' Act of April 22, 1908, and on the same day by motion amends the record so as to sue as administratrix of her husband, and defendant pleads three years thereafter without objection or exception to the amendment, defendant at the trial cannot plead the statute of limitations as a bar to the admission of plaintiff's testimony.

*Appeals—Amendment—Objection—Exception—Statute of limitations—Record—Request to transcribe testimony, charge, etc.*

3. Where there is complaint to an amendment of pleadings, the record must show an objection to its allowance, or an exception to the order permitting it, otherwise the complaint will not be considered on appeal.

4. Assignments of error to rulings on evidence w,hich raise the question of the statute of limitations, will not be considered, where there has been no request to transcribe the testimony and file of record the charge and points and answers.

*Negligence—Railroads—Master and servant — Engineer — Projecting rock in cut—Risk of employment—Contributory negligence —Case for jury.*

5. An engineer who is killed, while leaning out of the cab window in the course of his duty, by his head coming in contact with a projecting rock in a cut, cannot be charged, as a matter of law, with assuming the risk of such an accident.

6. It was negligence for the defendant to have its roadbed thus constructed.

7. It is only in a clear case that the question of assumption of risk is one of law for the court.

Argued May 24, 1922. Appeal, No. 5, May T., 1922, by defendant, from judgment of C. P. Dauphin Co., June T., 1911, No. 52, on verdict for plaintiff, in case of Sadie Mumma, Administratrix of Enos B. Mumma, deceased, v. Philadelphia & Reading Railway Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.   Before Fox, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,000.   Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting record.

*John T. Brady,* for appellant.—Under the federal law an action to recover damages for death must be in the name of a personal representative of the deceased: American R. R. Co. of Porto Rico v. Birch, 224 U. S. 547; St. Louis, S. F. & T. R. R. v. Seale, 229 U. S. 156.

An action by a widow in her individual capacity under the state law is an entirely different action from one brought by her as administratrix: Troxell v. D., L. & W. R. R., 227 U. S. 434.

In this case where the summons was issued in the name of Sadie Mumma individually, no statement of claim in the original action was filed, and there was nothing to which the amendment could relate back. It was therefore an absolute departure from a proceeding under the state law to a proceeding under the federal law.

After the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding, or deprive the defendant of any valuable right: LeBar v. R. R., 218 Pa. 261.

The rocks in the cut being plainly observable and constituting a permanent and conspicuous source of danger, decedent, an experienced engineer, familiar with the road, must be presumed to have known of their existence and location, and by continuing in the employ of the company without complaint, assumed the risk of leaning out of the cab window at the point in question: Sea-

board Air Line v. Horton, 233 U. S. 492; Boldt v. R. R.,
245 U. S. 441; Fulford v. R. R., 185 Pa. 329; Bellows v.
R. R., 157 Pa. 51; Simmons v. Traction Co., 207 Pa. 589;
Bowen v. R. R., 219 Pa. 405.

To the amended action the defense of the bar of the
statute was as available as if the amendment were a new
and independent suit: Grier Bros. v. Assurance Co., 183
Pa. 334; Union Pac. R. R. v. Wyler, 158 U. S. 285.

Defendant did not waive its right to plead the bar of
the statute by failing to object to the allowance of the
amendment: Seipel v. Extension Co., 129 Pa. 425; Kille
v. Ege, 82 Pa. 102; Grier Bros. v. Assurance Co., 183
Pa. 334.

*R. A. Henderson,* with him *J. Banks Kurtz* and *I. B.
Swartz,* for appellee.—The federal rule is that the
amendment of the party plaintiff changing the name
from an individual to a representative capacity is a mat-
ter of form and not of substance.

It is to plaintiff's statement. alone, and not to the
name of the party plaintiff to which we look for the
cause of action: Hogarty v. Phila. & R. R. R., 255 Pa.
236; Seaboard Air Line R. R. v. Renn, 241 U. S. 290;
Atlantic Coast Line v. Burnette, 239 U. S. 198.

Ordinarily the question of assumed risk is one of fact
for a jury, unless the facts present a situation so plain
that intelligent men would not draw different conclu-
sions: Chesapeake & O. R. R. v. Proffitt, 241 U. S. 462;
Erie R. R. v. Purucker, 244 U. S. 320; Chi., R. I. & P.
R. R. v. Ward, 252 U. S. 18.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

Enos B. Mumma was employed by appellant as an
engineer on a train engaged in interstate commerce be-
tween Pennsylvania and New Jersey, and, on the night
of March 22, 1910, while engaged in such service, re-
ceived an injury, in Berks County, Pa., from which he
died on the 31st of the same month. A summons was

issued March 25, 1911, by Sadie Mumma as plaintiff. An appearance was entered six days later, and nothing further done until October 26, 1914, when, on motion, the record was amended to read "Sadie Mumma, administratrix of Enos B. Mumma, deceased," instead of "Sadie Mumma." On the same day plaintiff's statement was filed. June 12, 1916, plaintiff ruled defendant to plead, which was done three years later, October 31, 1919. Plaintiff's statement clearly brought the action under the Federal Employer's Liability Act of April 22, 1908, and its amendments.

When the case was on trial, appellant objected to the admission of any evidence for the reason the party plaintiff had been changed from an individual to a representative capacity, effecting a change in the cause of action, equivalent to bringing a new suit, beyond the statutory period of two years, as provided by the act of Congress. The motion was denied and the case proceeded; no evidence being offered by defendant, a verdict and judgment was entered for plaintiff.

We cannot agree the substitution of Sadie Mumma, administratrix, introduced a new cause of action, barred by section 6 of the Act of Congress of April 22, 1908, which provides, "No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The federal law countenances such change in the action after the statutory period, where the only amendment is a more specific designation of the capacity in which the party plaintiff sues. When the case was instituted, without statement filed, it did not disclose what defendant would be called upon to answer. That could only appear when the statement was filed. The mere name of the plaintiff did not give any intimation as to the cause of suit, and, unless defendant took steps to force a statement to be filed, it would remain in ignorance of what the charge might be, except that it was one in trespass. Had this suit been instituted in the

name to which it was amended, defendant would have been none the wiser as to the cause of action. It might have been a common law action for matters in Pennsylvania, or a suit under the New Jersey statutes. But the sufficient fact is, defendant was duly brought into court, there to hold itself in readiness to reply to a cause of action that would be disclosed in a statement to be filed. It took no steps to clear the record or inform itself of the difficulty. After the statute had run, and the case called for trial, it having dragged along for many years, for the first time the defense of the statute of limitations was submitted.

Ordinarily, under our own cases, a change in the party plaintiff from an individual to a representative capacity is a change in the cause of action, and will not be allowed after the statute of limitations has become a bar: LaBar v. N. Y. S. & W. R. R. Co., 218 Pa. 261, 264. But this is not the law in the federal courts: Mo., K. & T. R. R. v. Wulf, 226 U. S. 570, 573. In a case like the present, it should be more rigidly held, as defendant might have asserted its defense long ago, when plaintiff would not have been prejudiced by laches.

Defendant was summoned to answer in some form of action; the fact plaintiff's capacity to sue is more specifically defined does not change the form; the amendment was not one of substance, for plaintiff, suing in a representative capacity, still sues in right of herself as a party interested. There was no new or different set of facts upon which the action was grounded, as the first statement,—bringing the case within the Federal Employer's Liability Act,—and the amendment were filed at the same time. We think Mo., K. & T. Co. v. Wulf, supra, controls the question. See Mangan et al. v. Schuylkill County, 273 Pa. 310, 313.

If this is not the case, defendant finds itself in a much worse position as it failed to object or take an exception to the amendment when made, contenting itself with the objection to the testimony at the trial. We have held,

where there is complaint to an amendment to pleadings, the record must show an objection to its allowance, or an exception to the order permitting it; otherwise the complaint will not be considered. We find no objection of record, and, of course, no exception to its allowance: Gail v. City of Philadelphia, 273 Pa. 275; Northampton Trust Co. v. Northampton Traction Co., 270 Pa. 199, 210. It may be further noted assignments dealing with the statute of limitations are not properly before the court. There was no request or motion to transcribe the testimony and file the charge of record; consequently all the assignments of error based thereon, and the points covering the statute of limitations, cannot be considered. Likewise the answers to the points dealing with the second question need not be considered.

Did the deceased know, or should he have known, as an experienced engineer, traveling over this road, that this particular location was dangerous, and did he assume the risk when leaning out of the cab window at the point in question? He was killed while traveling through a cut, by a rock that projected from the side to within six inches of the cab window. There is no question but this was the cause of the death, as portions of his hair were found on the edge of the rock immediately after the accident. It was negligence for the company to have its roadbed thus constructed. These men should have a reasonably safe place in which to work, inasmuch as it is their duty to lean out of cab windows to observe the track ahead of them. "It is only in a clear case the question of assumption of risk is one of law for the court; where there is doubt as to the facts, or as to inferences to be drawn from them, it is for the jury. The burden of proof as to the assumption of risk is on the defendant": Dutrey, Administratrix, v. Phila. & R. Ry. Co., 265 Pa. 215, 220. This employee assumed all the risks ordinarily incident to his employment, including risks which are obvious and fully known to the employee, and appreciated by him, or so plainly observable he must

be presumed to know them, but he is not obliged to use even ordinary care to discover dangerous defects, as knowledge will not be imputed to him unless they are plainly observable: McIntire v. St. Louis & S. T. Ry. Co., 227 S. W. (Mo.) 1047, 1054.

On the question of assumption of risk, cases will be of little value except as they may lay down general principles. We must turn to the facts, and from them learn whether they are brought within the rule stated by the Supreme Court of the United States. This man, in a number of years, had passed through the cut about thirteen times in daylight, his train traveling rapidly. A projection of this character, which undeniably could be seen, is not likely to have impressed his mind with any specific danger, for it is not clear his attention was directed to the point during any of these trips; he may not have noticed it, or, at night, may not have known its exact location; many other duties within the engine may have required his attention when passing this point. He could not well determine its distance from the cab, running at a speed of thirty miles an hour; so, whether it was such an obvious defect as should have been known by ordinary observation must be for the jury. On this point a witness testified that you could not tell at night, sitting on the right side of the engine, going at a speed of twenty-five to thirty miles an hour, how close the rocks projected. He might be able to see that they were close, but "it is like a panorama, passing through that fast. It is just a blur. You could not tell whether you were eight or ten inches or eight or ten feet" from the rocks. Further, he would not, in the ordinary discharge of his duties, necessarily know that this projection was so close to his cab.

Under all the circumstances, the question of assumption of risk was for the jury. The case was carefully submitted by the learned trial judge in a charge free from error.

The judgment of the court below is affirmed.