Schwab *v.* P. J. Oesterling & Son, Inc., Appellant.

Argued September 28, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Leonard M. Mendelson,* with him *A. M. Grossman,* for appellant.

*Louis Vaira,* with him *J. Thomas Hoffman,* for appellee.

OPINION BY MR. JUSTICE JONES, November 12, 1956:

The plaintiff's decedent, Curtis S. Schwab, died as the result of injuries received in an automobile accident two days earlier. He left to survive him his widowed mother whom he supported and with whom he lived on their farm. Mrs. Schwab brought suit in her own right and as administratrix c.t.a. of the estate of her deceased son against the defendant company for damages on the allegation that negligence of the defendant was responsible for the accident which resulted in her son's injury and death.

The plaintiff averred in paragraph 8 of her complaint that, through the death of her son, she had lost his companionship and comfort and the support and maintenance which he had given her continuously until the time of the fatal accident, for which she claimed damages. By paragraph 9, she averred that, as admin-

istratrix c.t.a. of her deceased son's estate, she had been compelled to pay, because of his injury and death, large sums of money for hospital bills, medical services and the expenses of his funeral, for all of which she claimed damages as administratrix. She also claimed damages for the loss of her son's automobile which was completely demolished in the accident.

At trial, the court directed a verdict for the defendant as to Mrs. Schwab's claim *in her own right* but submitted the case to the jury on her claims as administratrix of her son's estate. The jury returned a verdict for the plaintiff of $10,000 damages and $1,052.75 expenses for a total of $11,052.75. The defendant moved for judgment n.o.v. and for a new trial. The court en banc denied the motion for judgment n.o.v. and, also, denied the motion for a new trial contingent, however, upon the plaintiff's filing a remittitur for so much of the verdict as was in excess of $6,500. A remittitur not having been filed, a new trial automatically ensued. The defendant thereupon appealed to this court, assigning for error the lower court's refusal of its motion for judgment n.o.v. We affirmed the denial of the n.o.v. motion and, likewise, the granting of a new trial: see 380 Pa. 1, 108 A. 2d 778.

Before the retrial and more than two years after the son's death, Mrs. Schwab moved the court below for leave to amend paragraph 9 of her complaint by adding thereto the following: "She claims the earnings of Decedent during his normal life expectancy less the reasonable cost of his maintenance." She also sought to amend paragraph 10 of the complaint by adding thereto a claim *in her own right* for the damage of the automobile driven by her son at the time of the accident on the allegation that it was her property and not his. A rule was granted on the motion to amend to which the de-

fendant filed an answer setting forth that the proposed amendment to paragraph 9 introduced a new cause of action after the statute of limitations had run and that the plaintiff's claim in her own right for the destroyed automobile was *res judicata*.

The learned court below held that the proposed amendment of paragraph 9 did not introduce a new cause of action and that Mrs. Schwab's claim in her own right to the damages for the destruction of the automobile had never been adjudicated and, consequently, was not *res judicata*. An order allowing the amendments was accordingly entered. Actually, the mother's claim in her own right to the damages for the destruction of the automobile was unenforceable but for a different reason than that assigned by the defendant; as a separate cause of action, it had long since been outlawed. There was left, then, for future consideration, so far as the amended complaint is concerned, the defendant's contention that the amendment of paragraph 9, embracing the element of damage to the son's estate from the loss of earnings for his life expectancy less maintenance, introduced a cause of action after the statute had run.

The case went to trial on the amended complaint. The defendant renewed its objection to the amendment on the ground already stated. The learned trial judge, naturally feeling bound by the prior decision of the court allowing the amendment, admitted evidence on the claims for damages under the Survival Act. The jury returned verdicts for the plaintiff administratrix in the sum of $10,000 for the wrongful death and $5,000 in the survival action. The defendant moved for judgment n.o.v. with respect to the $5,000 verdict and for a new trial, arguing, in support of the n.o.v. motion, that the amended claim allowing the further element of damage

in the survival action was barred by the statute of limitations. The court en banc, likewise deeming itself bound by the court's earlier decision permitting the amendment, denied the defendant's after-verdict motions and entered judgments for the plaintiff administratrix on both verdicts. The defendant's present appeal is from the judgment in the survival action only.

That the rights respectively conferred by the Wrongful Death Act of 1855 and the Survival Act of 1937 constitute separate and distinct causes of action is not open to question. We expressly so held in *Piacquadio v. Beaver Valley Service Co.*, 355 Pa. 183, 49 A. 2d 406. In that case, leave to amend a complaint in order to bring upon the record the administrator of the estate of the deceased victim of the tortious act there involved so that the personal representative might claim damages under the Survival Act was denied because the statute of limitations had run. The action had been instituted by the father of the deceased minor victim in the capacity of trustee ad litem for those entitled to damages under the Wrongful Death Act (see Rule 2202 (b) Pa. R.C. P.), and damages were claimed only for wrongful death. An administrator of the deceased minor's estate, for the purpose of pressing a claim under the Survival Act, had never been a party to the record before the statutory limitation had expired. Such, however, is not this case.

Here, the administratrix, who, as her deceased son's personal representative, was duly qualified to bring suit under the Survival Act (Fiduciaries Act of 1949, Sec. 603), was plaintiff in the action from the time of its institution which was well within the period of the statutory limitation. And, since the action was instituted within six months of her son's death, she was also exclusively entitled as the administratrix of his estate to maintain the suit for damages for his wrongful death:

see Rule 2202 (a), (b) and (c) Pa. R.C.P. Thus, she was in court timely in an action (see Rule 213 (e) Pa. R.C.P.) where she could pursue either or both of the causes which the Wrongful Death and the Survival statutes conferred upon her in her representative capacity for the negligence which brought about the injury and death of her son as averred in the complaint. While the better practice would be to plead in separate counts the respective causes of action for which damages are sought, it is not fundamentally essential to specify in a complaint the particular Act under which recovery is sought. The amendment of paragraph 9 of the complaint did not, therefore, introduce a new cause of action. It merely brought in an additional element of damage for a cause of action already within the compass of the original complaint.

Nor is a cause of action either retracted or lost because of the limited extent of the damages for which recovery is sought in the first instance. By like token an amendment enlarging the *ad damnum* clause, as originally set forth in a complaint, is not subject to the limitation prescribed for the cause of action. The differentiation was well expressed by Judge HIRT in *Wessling v. Latkanich,* 144 Pa. Superior Ct. 317, 319, 19 A. 2d 553, as follows: "Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action (*Mumma v. Phila. & Reading Ry. Co.,* 275 Pa. 277, 119 A. 287) but he may amend by the introduction of an additional element or an added claim of damage arising from the same circumstances (*Armstrong & Latta v. Phila.,* 249 Pa. 39, 94 A. 455) or may amplify what has already been averred (*Spry et al. v. The F. U. M. F. Ins. Co. of Pa.,* 101 Pa. Superior Ct. 49) so long as the same negligence is charged as that set out in the original statement. *Coll v. Westinghouse E. & Mfg. Co.,*

394

230 Pa. 86, 79 A. 163.   This is settled law as indicated by many authorities."
   Judgment affirmed.