## Mychlyk v. Allstate Insurance Company

*Marshall E. Kresman*, for plaintiff.
*Matthew J. Ryan*, for defendant.

GUARINO, *J.*, March 31, 1980—This is a petition to amend complaint to recover no-fault benefits under the No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

On April 20, 1977, plaintiff, administratrix and insured's widow, instituted an action seeking to recover no-fault benefits: medical expenses in the

sum of $6,162, maximum financial expenses in the sum of $1,500, and maximum survivor's loss benefits in the sum of $5,000, together with attorney's fees, interest and costs. Plaintiff's ·decedent died May 19, 1976, as a result of an automobile accident which occurred on May 12, 1976. ·Her present motion, filed January 25, 1980, is for leave to amend the complaint to permit her to include a claim for work loss benefits totaling $15,000. Defendant insurer resists the amendment on the ground that the additional claim is barred by the statute of limitations.

Amendments are governed by Pa.R.C.P. 1033:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense."·

In Wood v. W.T. Grant Co., 2 Phila. Interloc. Civil Opin. 203 (1977), at pages 205-206, this writer summarized the general law for allowing amendments:

"Under Pa.R.C.P. 1033, amendments to pleadings are authorized upon leave of Court at 'any time'. This rule is liberally construed to the end of attaining a just determination of the controversy between the parties. Pa.R.C.P. 126; Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 218 A. 2d 350 (1966). Although the party is not entitled to an amendment as an absolute right, our courts have been liberal in allowing them in the absence of prejudice to the non-moving party. See Martin v. National Surety Corp., 437 Pa. 159, 262 A. 2d 672

(1970); Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A. 2d 517 (1962); Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963); Berman v. Herrick, 424 Pa. 490, 492, 227 A. 2d 849 (1967)." See also, Szymanek v. Boyle, 2 Phila. Interloc. Civil Opin. 434, at 437 (1978); Kuramarohit v. Turner, 1 Phila. Interloc. Civil Opin. 135 (1977).

· Prejudice that will bar an amendment is not that which results from the amendment itself. Inevitably, an allowance of an amendment will improve the position of the proponent and to some extent impoverish the position of an adversary. For an amendment to be disallowed, the prejudice must be real and arise from a factor that is independent of the natural consequence. A proposed amendment that introduces a new or different cause of action after the statute of limitations has run constitutes such prejudice and may not be granted: Schwab v. P.J. Oesterling & Son, Inc., 386 Pa. 388, 126 A. 2d 418 (1956); Saracina v. Cotoia, 417 Pa. 80, 85, 208 A. 2d 764 (1965).

The No-fault Motor Vehicle Insurance Act provides that an action must be commenced no later than two years after the victim suffers the loss: 40 P.S. §1009.106(c)(1); if no-fault benefits have not been paid to the deceased victim or his survivor, an action for survivor's benefits may be commenced no later than one year after death: 40 P.S. §1009.106(c)(2). The time limitation for filing an action to recover no-fault benefits in this case has expired.

Thus, if the proposed amendment adds a new cause of action, an amendment could not be allowed: Saracina v. Cotoia, supra. If, on the other hand, the proposed amendment does not constitute a new or different cause of action, or is an amplifi-

cation of the original action, the fact that the time limitation has expired is of no consequence and the amendment may be allowed: Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 327, 319 A. 2d 914 (1974); Saracina v. Cotoia, supra; Fillman v. Ryon, 168 Pa. 484, 32 Atl. 89 (1895). An amendment which merely enlarges the damages is allowable even after the statute of limitations has run: Schwab v. P.J. Oesterling & Son, Inc., supra. Enlargement of damages does not change the cause of action: Adams v. Coutts, 28 D. & C. 2d 705 (1962).

The narrow issue is therefore: is the proposed claim for "work loss benefits" in the sum of $15,000 a new and different cause of action, or is it an enlargement of the ad damnum clause? Defendant-insurer argues that the claim is a new and different cause of action and therefore barred.

The No-fault Motor Vehicle Insurance Act abolished *tort liability in respect to use and maintenance* of a motor vehicle except in certain specifically enumerated situations. See 40 P.S. §1009.301(a)(5); Heffner v. Allstate Insurance Co., _____ Pa. Superior Ct. _____, 401 A. 2d 1160 (1979); Teagle v. Hart, 3 Phila. Interloc. Civil Opin. 429, 431 (1978). In lieu of the tort or fault liability, the act has created a new no-fault statutory right of action, specifying the items and the maximum amounts which an insured may recover for injuries resulting from use or maintenance of a motor vehicle. It provides for recovery of particular basic loss benefits,[1] including professional medical treatment and care, emergency health service, and medical and vocational rehabilitation service and

---

1. 40 P.S. §1009.202—§1009.103.

expenses clearly related to funeral,[2] work loss benefits,[3] and replacement services loss.[4]

Defendant would have us interpret this to mean that each basic benefit constitutes a separate and distinct cause of action. This strained construction of the act is not justified. We cannot adopt an interpretation that would lead to an absurd result: 1 Pa.C.S.A. §1922(1). It is absurd to say that the legislature intended to create a different cause of action for each of the specified items of damages.

A cause of action is the operative predicate which results in injury; it is the accident, the negligence or the defective condition. In Polk v. Western Bedding Co., 145 Pa. Superior Ct. 142, 147, 20 A. 2d 845 (1941), the court (in a workmen's compensation case) stated the cause of action to be "the accident which resulted in an injury . . . in the course of . . . employment"; in Kuisis v. Baldwin-Lima-Hamilton Corp., supra (a negligence case), the court defined it as "'the negligent act or acts which occasioned the injury'. . . . [U]nder Section 402A, it is the defect itself which constitutes the cause of action. . . ." 457 Pa. at 325. Similarly, in the instant case, it is the injury resulting from the use and maintenance of an automobile that is the cause of action: 40 P.S. §1009.103. Having abolished the common law tort action, the legislature has created a new cause of action, much like the Workmen's Compensation Act, eliminating the fault factor and limiting the recovery to particular benefits (basic benefits). The benefits recoverable are not in and of

2. 40 P.S. §1009.202(a)—§1009.103.

3. 40 P.S. §1009.202(b)—§1009.103, .205, .206

4. 40 P.S. §1009.202(c)—§1009.103.

themselves causes of action; they constitute the items of damages that may be recovered much like the damages recoverable in workmen's compensation cases. The cause of action with the no-fault feature is one, even while the items of damages that may be recovered are more than one. To use a simile in making the point, the action here involved can be likened to a MIRV which while a single device for action has a hydra-headed missile. An amendment enlarging the ad damnum clause of a cause of action may be allowed by the court even after the statute of limitations has run because it does not change the cause of action.

Given the averments in the complaint, which seeks to recover no-fault basic benefits under the act by the widow and administratrix of the victim who was injured in the course of the operation of a motor vehicle, the allegation of the proposed amendment falls within the familiar rule that a complaint may be amended even after the expiration of the statute of limitations. All that the amendment does is clarify and amplify a cause of action already stated and enlarge the amount sought to be recovered.

## ORDER

And now, March 31, 1980, it is ordered and decreed that plaintiff's motion to amend the complaint is granted. Same to be filed within 20 days.