## Dias v. Erie Insurance Exchange

*Morton J. Gordon,* for plaintiff.
*Anthony B. Panaway,* for defendant.

PODCASY, *J.,* January 19, 1983—This matter comes before the court on plaintiff's rule to show cause why plaintiff should not be granted leave to file an amended complaint asserting his claim for "survivor's loss benefits" under and pursuant to the terms and provisions of the Pennsylvania No-fault

Motor Vehicle Insurance Act, as administrator of the Estate of Frank Richard Dias, deceased.

On May 28, 1982, plaintiff filed a complaint in assumpsit which sought certain "allowable expenses" under the Pennsylvania No-fault Motor Vehicle Act, 40 P.S. §1009 et seq., omitting therefrom, however, a claim for "survivor's loss." Defendant thereupon filed an answer to the said complaint, and the matter then was apparently at issue. Plaintiff now seeks to include allegations in an amended complaint for "survivor's loss benefits", as set forth in the policy issued by the defendant, Erie Insurance Exchange, a/k/a Erie Insurance Group.

Defendant argues that while Pa. R.C.P. 1030 may be liberally interpreted in amending complaints and other pleadings, it is not without its limitations, citing Arzinger v. Baughman, 348 Pa. 84, (1943), which states in part:

"Amendments should be allowed with great liberality at any stage of the case, *unless, of course, they violate the law or prejudice the rights of the opposing party. . . .*" (Emphasis added.)

Specifically, the defendant contends that since more than one year has now passed since the commencement of plaintiff's claim for "survivor's loss benefits", to now permit an amendment thereto would be in violation of 40 P.S. §1009.106 (c) (2) of the Pennsylvania No-fault Act which provides that:

". . . an action for survivor's benefits may be commenced not later than one year after the death, or four years after the accident from which death results, whichever is earlier."

Plaintiff admits that the above operates as a period of limitation, but contends that the amendment should be allowed because it is not a change in the cause of action but only an expansion of the ad

damnum clause or an added claim for damages. We agree.

In Mychlyk v. Allstate Insurance Company, 14 D.&C. 3d 217 (1980), the court stated:

". . . if the proposed amendment does not constitute a new or different cause of action, or is an amplification of the original action, the fact that the time limitation has expired is of no consequence and the amendment may be allowed. Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321 (1974). An amendment which merely enlarges the damages is allowable even after the statute of limitations has run: Schwab v. P. J. Oesterling & Son, Inc., 386 Pa. 388 (1956). Enlargement of damages does not change the cause of action: Adams v. Coutts, 28 D.&C. 2d 705 (1962)."

In Mychlyk, as here, plaintiff administratrix filed a complaint for No-fault benefits on April 20, 1977, due to her husband's death on May 19, 1976, omitting thereon a claim for "work loss benefits". On January 25, 1980, she sought to amend by including a claim for said benefits which was permitted on the theory that an amendment enlarging the ad damnum clause is not subject to the limitation prescribed for the cause of action.

Mychlyk stated:

". . . An amendment enlarging the ad damnum clause of a cause of action may be allowed by the court even after the statute of limitations has run because it does not change the cause of action."

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the rule to show cause is made absolute, and plaintiff is granted leave to file an amended complaint within 20 days in accordance with this opinion.