J-A06045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GAYLE COBB, ASHTON COBB, JATAUN COBB, DONOVAN COBB, BENJAMIN COBB, INGRID COBB-HALL, ZSA ZSA COBB-JOHNSON, BLAIR-ALEXANDRIA FARRAH COBB | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : : | No. 644 WDA 2025 |
| HERITAGE VALLEY HEALTH SYSTEM, HERITAGE VALLEY BEAVER | : : | |

Appeal from the Order Entered April 29, 2025
In the Court of Common Pleas of Beaver County Civil Division at No(s):
11246-2024

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: June 17, 2026**

Gayle Cobb, Aston Cobb, Jatuan Cobb, Donovan Cobb, Benjamin Cobb, Ingrid Cobb Hall, Zsa Zsa Cobb-Johnson, and Blair-Alexandria Farrah Cobb (collectively, "Plaintiffs") appeal from the order entered by the Beaver County Court of Common Pleas ("trial court") granting the preliminary objections filed by Heritage Valley Health System and Heritage Valley Beaver (together, "Defendants") and dismissing Plaintiffs' claims with prejudice.  Because the trial court correctly concluded that Plaintiffs could not amend their complaint to add a new party after the expiration of the statute of limitations, we affirm.

The trial court summarized the pertinent facts and procedural history of this case as follows:

This is a professional negligence/medical malpractice action instituted by eight individual plaintiffs through the filing of a praecipe for writ of summons on August 16, 2024. A case management conference was held on December 3, 2024, and the [trial court] set a schedule for the case to proceed at that conference, which required Plaintiffs to file a complaint on or before January 17, 2025. Plaintiffs did not file a complaint by that date, but did file a complaint late and without leave of court on January 30, 2025.

That complaint alleges negligent treatment by Defendants with regard to Wayne B. Cobb, Sr. [("Cobb, Sr.").] Neither [Cobb, Sr.] nor his estate is listed as a party to the suit in either the praecipe for writ of summons or in the original complaint, and [Cobb, Sr.] is alleged to have died as a result of the negligent treatment on August 17, 2022. The only count asserted in the original complaint is for negligence, with no assertion of a wrongful death or survival action[.]

The [trial court] conducted a second case management conference on January 31, 2025, at which time Defendants expressed their desire to file preliminary objections to the complaint, and the court entered a schedule for the filing of, briefing with regard to, and argument on the preliminary objections. Defendants timely filed their preliminary objections and brief in support. Argument was scheduled on the preliminary objections for April 2, 2025. Plaintiffs did not file a response or brief in opposition to the preliminary objections by March 21, 2025 as required by [the trial court]'s order of January 31, 2025. Instead, Plaintiffs filed an amended complaint on April 1, 2025, well beyond the twenty-day period specified for the filing of an amended complaint in Pa.R.Civ.P. 1028(c)(1). Plaintiffs never sought or obtained leave of court to file the amended complaint late, and defense counsel objected to the untimely filing of the amended complaint on the record at the time set for the argument on the preliminary objections on April 2, 2025. Moreover, Plaintiffs' counsel never requested permission nunc pro tunc to file the amended complaint and never filed preliminary objections with regard to Defendants' preliminary objections.

While on the record on April 2, 2025, defense counsel stated his desire and intent to have "the preliminary objections … be considered as directed against the amended complaint, with the same force and effect as if the amended complaint was filed within

- 2 -

the appropriate period." Accordingly, the [trial court] set a schedule for the filing of additional briefs and for argument by counsel with regard to the preliminary objections on April 14, 2025.

It should be noted that Plaintiffs never amended or altered the caption in the amended complaint and never requested leave to do so. Further, Plaintiffs allege[d] in the amended complaint that an estate was opened for [Cobb, Sr.] on August 16, 2024, with individual plaintiff Gayle Cobb appointed as the administratrix. However, the estate is not named as a party[,] and Gayle Cobb is only identified as an individual plaintiff [at] this time. Moreover, the single negligence claim in the original complaint was eliminated and a wrongful death claim and survival action claim were asserted in the amended complaint instead as to each defendant for a total of four counts.

As noted[, D]efendants [chose] to pursue their preliminary objections as to the amended complaint. The [trial court] heard arguments of counsel on April 14, 2025.

Trial Court Opinion, 4/29/2025, at 1-2 (footnote and citations omitted).

On April 29, 2025, the trial court entered an order granting Defendants' preliminary objections and dismissing Plaintiffs' claims with prejudice. The trial court concluded that the "amended complaint was improperly filed without leave of court, without consent of opposing counsel, and without a request to file nunc pro tunc. Moreover, the amended complaint purports to add new claims and a new party after the expiration of the statute of limitations." *Id.* at 7.

On May 19, 2025, Plaintiffs filed a motion for reconsideration that the trial court subsequently denied. Plaintiffs timely appealed to this Court. They present the following issues for review:

I.      Did the trial court err and abuse its discretion by failing to permit [Plaintiffs] leave to amend the caption to include the estate of [Cobb, Sr.] as a party, where the executor/administrator was already a party to the proceedings?

II.     Did the trial court err and abuse its discretion by sustaining preliminary objections with prejudice rather than permitting leave to file a second amended complaint?

III.    Did the trial court err in failing to find that the estate of [Cobb, Sr.] was created in a timely manner, thereby tolling the statute of limitations and preserving the right of a necessary party to participate?

IV.     Did the trial court err in finding that the amended complaint introduced new causes of action, rather than clarifying or amplifying existing claims?

V.      Did the trial court err and abuse its discretion by imposing the harsh remedy of dismissal with prejudice based solely on procedural defaults, absent egregious conduct or demonstrable prejudice to [Defendants]?

Plaintiffs' Brief at 8.

In reviewing a trial court's grant of preliminary objections, the standard of review is de novo and the scope of review is plenary. *Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Id.* (citation omitted).

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably

- 4 -

deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

**Godlove v. Humes**, 303 A.3d 477, 481 (Pa. Super. 2023) (citations omitted).

We address Plaintiffs' issues together, as they are related and each raise similar arguments. Plaintiffs argue that trial court erred in granting Defendants' preliminary objections, dismissing their claims with prejudice, and denying them any further opportunity to amend their complaint. **See** Plaintiffs' Brief at 13-29. They observe that Pennsylvania law provides for the liberal allowance of amending complaints and that they instituted this action with the filing of a praecipe for writ of summons within the limitations period. **See id.** at 13-17. They further contend that the original and amended complaints did not introduce a new party to the suit and also did not introduce a new cause of action, as the parties listed in the praecipe for writ of summons were the same as those listed in the original complaint, and the claims in the amended complaint arose from the same operative facts as the original complaint. **See id.** at 13-15, 22-26. Plaintiffs argue that the trial court's decision to dismiss their claims with prejudice was extreme, as such a decision should only be made in cases of bad faith, repeated noncompliance, or

incurable legal defects—each of which Plaintiffs maintain did not occur in this case. *Id.* at 19-22, 26-28.

"A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa.R.Civ.P. 1028(c)(1). Our rules further provide:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033(a).

Pennsylvania courts have traditionally liberally granted leave to amend pleadings. *Biglan v. Biglan*, 479 A.2d 1021, 1025 (Pa. Super. 1984). Rule 1033 does not impose a limit on the time during which a party can amend a pleading. *See* Pa.R.Civ.P. 1033. Thus, at the discretion of the trial court, a party may amend pleadings "after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Biglan*, 479 A.2d at 1025-26. "Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Hill v. Ofalt*, 85 A.3d 540, 557 (Pa. Super. 2014) (citation omitted). Indeed, the denial of a petition to amend, "based on nothing more than

- 6 -

unreasonable delay, is an abuse of discretion." ***Capobianchi v. BIC Corp.***, 666 A.2d 344, 347 (Pa. Super. 1995) (citation omitted).

There are, however, limits on a court's discretion to permit the amendment of pleadings. Timeliness is a factor for courts to consider "insofar as it presents a question of prejudice to the opposing party." ***Id.*** (citation omitted). Further, "[a]lthough the right to amend pleadings is to be construed liberally, amendments may not be made if they introduce a new cause of action after the statute of limitations has run." ***John Goffredo & Sons, Inc. v. S.M.G. Corp.***, 446 A.2d 255, 256 (Pa. Super. 1982). And of particular relevance here, "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired." ***Kincy v. Petro***, 2 A.3d 490, 497 (Pa. 2010). Finally, "[w]here allowance of an amendment would … be a futile exercise, the complaint may properly be dismissed without allowance for amendment." ***Carlino v. Whitpain Invs.***, 453 A.2d 1385, 1388 (Pa. 1982).

We focus on Plaintiffs' arguments from their first issue, i.e., the trial court's refusal to allow them to amend the complaint to add Gayle Cobb, in her capacity as administratrix of Cobb, Sr.'s estate, as a party to the suit, as we find them dispositive. Plaintiffs assert that the praecipe for writ of summons and original complaint listed Gayle Cobb as a plaintiff and that the amended complaint identified her as the representative of Cobb, Sr.'s estate. ***See*** Plaintiffs' Brief at 13-29. Consequently, they contend that Defendants

- 7 -

were aware of the identifies of all necessary plaintiffs and the facts underlying the wrongful death and survival actions from the filing of their praecipe for writ of summons and original complaint. *See id.* They therefore assert that there would be no prejudice to Defendants if they were permitted to proceed with their suit. *See id.* In other words, Plaintiffs maintain that there is effectively no difference between naming Gayle Cobb, individually, as a plaintiff and naming Gayle Cobb, Administratrix of Cobb, Sr.'s Estate, as a plaintiff. *See id.*

At common law, a personal injury action does not survive a person's death. *Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 258 (Pa. Super. 2017) "To counter this, our legislature enacted a survival statute providing that all causes of action or proceedings, real or personal, shall survive the death of a plaintiff." *Id.* (citing 42 Pa.C.S. § 8302). "All actions that survive the decedent, however, **must be brought by or against the personal representative of the decedent's estate**." *Id.* (emphasis added). Additionally, "Pennsylvania law provides that an action may be brought … to recover damages for the death of an individual caused by the wrongful act, neglect, unlawful violence or negligence of another." *Id.* (citing 42 Pa.C.S. § 8301). Like survival actions, a wrongful death action "may only be brought by the personal representative of a decedent for the benefit of those persons entitled by law to recover damages for the decedent's wrongful death," i.e., "a decedent's spouse, children or parents." *Id.* at 258-59.

Importantly, "an individual, even if he or she qualifies as a wrongful death beneficiary, may not institute an action individually on his or her own behalf." *Id.* at 259. Thus, "[a] decedent's personal representative must bring all causes of action that arise by virtue of the decedent's wrongful death" and any "attempts to assert causes of action to recover damages for the death of an individual caused by the wrongful act of another—other than those brought by a decedent's personal representative for wrongful death and/or survival—are not permitted." *Id.*

Both parties agree that the statute of limitations for wrongful death and survival actions is governed by section 513 of the Medical Care Availability and Reduction of Error Act ("MCARE").[1] Section 513 provides that a claim "under 42 Pa.C.S. § 8301 (relating to death action) or 8302 (relating to survival action) … must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death." 42 P.S. § 1303.513(d).

The record reflects that Cobb, Sr. died on August 17, 2022, and that Plaintiffs commenced this litigation just before the expiration of the statute of limitations by filing a praecipe for writ of summons on August 16, 2022. *See id.*; *see also* Praecipe for Writ of Summons, 8/16/2024. The trial court ordered Plaintiffs to file a complaint by January 17, 2025, but they did not do

---

[1] 40 P.S. §§ 1303.101-1303.910.

so until January 30, 2025. **See** Trial Court Order, 12/3/2025. The original complaint listed the eight plaintiffs in the caption as individual plaintiffs and contained a single negligence claim relating to the death of Cobb, Sr. **See** Complaint, 1/30/2025, ¶¶ 13-16. Although Gayle Cobb, one of the eight individual plaintiffs listed in the praecipe for writ of summons, was appointed as the administratrix of Cobb, Sr.'s estate on August 16, 2024 (the date Cobb, Sr.'s estate was opened), she was not named in the praecipe for writ of summons or the complaint in her capacity as administratrix of Cobb, Sr.'s estate. **See** Praecipe for Writ of Summons, 8/16/2024; Complaint, 1/30/2025.

The original complaint therefore was defective, as it set forth a negligence action, not a wrongful death or survival action, and it was not brought by the personal representative or Cobb, Sr.'s estate. **See id.**; **see also Bouchon**, 176 A.3d at 258-59. Thus, to correct these defects, Plaintiffs had to file an amended complaint identifying Gayle Cobb, in her capacity as the administratrix of Cobb, Sr.'s estate, as a plaintiff and include wrongful death or survival actions. Additionally, Plaintiffs had to correct these defects prior to expiration of the statute of limitations, because although Pennsylvania liberally allows the amendment of pleadings, a plaintiff may not amend a pleading to add a new and distinct party or a new cause of action once the statute of limitations has expired. **See Kincy**, 2 A.3d at 497; **S.M.G. Corp.**, 446 A.2d at 256. This was, in effect, impossible for Plaintiffs to accomplish as

- 10 -

they filed their praecipe for writ summons on August 16, 2024, just prior to expiration of the statute of limitations.

The record further reflects that on February 28, 2025, Defendants filed preliminary objections and Plaintiffs did not file a response in opposition to those preliminary objections. Instead, on April 1, 2025, Plaintiffs filed an amended complaint, well beyond the twenty-day period permitted by Rule 1028(c)(1). Plaintiffs never sought or obtained permission from the trial court or Defendants to file an amended complaint late as contemplated by Rule 1033(a).

Additionally, the amended complaint did not list or add Gayle Cobb, Adminstratrix of Cobb, Sr.'s Estate as a party; it simply stated in the body of the document that she was appointed as the representative of Cobb, Sr.'s estate, and further included new, previously unraised wrongful death and survival claims. *See* Amended Complaint, 4/1/2025, ¶¶ 27-55. Thus, as of April 1, 2025, Plaintiffs had yet to name the personal representative of Cobb, Sr.'s estate, who was indispensable to the action, as a party.

There is no dispute that the statute of limitations for any wrongful death and survival actions stemming from the death of Cobb, Sr. expired in August 2024. *See* Plaintiffs' Brief at 9. Because an amendment to introduce both a new party and new causes of action would be time barred by the statute of limitations, we must determine whether the trial court correctly determined that Gayle Cobb, the individual plaintiff, is a different party than Gayle Cobb,

Administratrix of the Estate of Cobb, Sr., and consequently, that Gayle Cobb, Administratrix of the Estate of Cobb, Sr. could not be added to the suit after the expiration of the statute of limitations. **See** Trial Court Opinion, 4/29/2025, at 7-9.

As stated above, it is Plaintiffs' contention that because Gayle Cobb, individually, was named as a party from the outset, Defendants were aware that she would be a party to suit, and naming her in her capacity as administratrix of Cobb's Sr. estate was not necessary. **See** Plaintiffs' Brief at 13-29. In finding otherwise, the trial court relied on **La Bar v. N.Y., S. & W. R. Co.**, 67 A. 413 (Pa. 1907), and **Miller v. Jacobs**, 65 A.2d 362 (Pa. 1949). Trial Court Opinion, 4/29/2025, at 7-9. In **La Bar**, Catherine E. LaBar's husband, Charles D. La Bar, died in an explosion of a train engine boiler. **La Bar**, 67 A. at 413. She initially instituted an action for his death in her own name. **Id.** After the expiration of the statute of limitations, however, she moved to amend the complaint to add "Catherine E. La Bar, administratrix of Charles D. La Bar, deceased" as a party. **Id.** The trial court did not permit the amendment, concluding that it was barred by the statute of limitations, and dismissed the action. **Id.**

On appeal, our Supreme Court agreed, stating:

It is authoritatively settled in this state that, when a suit is brought for injuries resulting in death, the action must be instituted in the name of the persons, or personal representatives, to whom the right of action is given by the statutes of the state in which the injuries were inflicted and the death occurred.

- 12 -

*Id.* The Court further explained that "[i]t has been many times decided that a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a vital and material defect in the pleadings be corrected, after the statute of limitations has become a bar." *Id.* at 414.

The Court determined that Catherine E. LaBar, the individual, was a different party than "Catherine E. La Bar, administratrix of Charles D. La Bar, deceased," and that Catherine E. La Bar, administratrix of Charles D. La Bar, deceased, should have instituted the action stemming from the death of Charles D. La Bar. *Id.* The Court therefore concluded that the amendment the plaintiff sought make "introduced a new cause of action by the substitution of different parties," and was barred by the statute of limitations. *Id.*

Similarly, in *Miller*, our Supreme Court held that "[w]hile it is true that the name of a party **already on the record** may be corrected at any time, it is elementary that **a new party**, or a party **in a different capacity**, cannot be brought on the record after the statute of limitations has become a bar." *Miller*, 65 A.2d.at 497 (emphasis in original).

Thus, we conclude that under *La Bar* and *Miller*, the trial court correctly determined that Gayle Cobb, the individual plaintiff, is a different party than Gayle J. Cobb, Administratrix of the Estate of Cobb, Sr. The named parties in Plaintiffs' praecipe for writ of summons, original complaint, and amended complaint did not have standing to assert the originally-filed negligence claim or the later-added wrongful death and survival actions against Defendant.

*See La Bar*, 67 A. at 413-14; *see also Bouchon*, 176 A.3d at 258. Because under *La Bar* and *Miller*, attempting to add a party in a different capacity constitutes the addition of a new party and a new cause of action, and such additions after the expiration of the statute of limitations is not permitted, the trial court did not err in concluding that Plaintiffs' complaint could not be further amended to include claims asserted by Gayle J. Cobb, Administratrix of the Estate Cobb, Sr. *See La Bar*, 67 A. at 413-14; *see also Miller*, 65 A.2d.at 497. As the allowance of an amendment to correct this defect would therefore be a futile exercise, we reject Plaintiffs' contention that the trial court's decision to preclude Plaintiffs from further amending their complaint and dismissing their claims with prejudice was an improper and extreme remedy. *See Carlino*, 453 A.2d at 1388.

Accordingly, based on the foregoing, we conclude that the trial court did not err in granting Defendants' preliminary objections and dismissing Plaintiffs claims with prejudice as barred by the statute of limitations.[2]

Order affirmed. Application to dismiss denied.

---

[2] On November 13, 2025, Defendants filed an application to dismiss this appeal because Plaintiffs "failed to file a designation of reproduced record or a reproduced record." Application to Dismiss, 11/13/2025, at 3. Based on our disposition of this appeal, we deny the application to dismiss as moot. *See Sayler v. Skutches*, 40 A.3d 135, 143 (Pa. Super. 2012) ("[O]ur courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 06/17/2026