J-A28022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHERRY RILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ARMSTRONG WORLD INDUSTRIES, | : | No. 122 MDA 2018 |
| INC. AND BRENNTAG NORTHEAST, | : | |
| INC. | : | |

Appeal from the Order Entered December 19, 2017
In the Court of Common Pleas of Lancaster County
Civil Division at No(s):  CI-15-06630

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 16, 2018**

Appellant, Sherry Riley, appeals from the December 19, 2017 order sustaining the preliminary objections of Armstrong World Industries, Inc. ("Armstrong") and Brenntag Northeast, Inc. ("Brenntag").  We affirm.

As this case was disposed of on preliminary objections, we set forth the facts as pled in Appellant's second amended complaint.  From 1984 until 2000, Jeffrey Riley ("Riley") was an Armstrong employee.  During his employment with Armstrong, Riley was exposed to trichloroethylene and methylene chloride, chemicals manufactured by Brenntag.  On November 1, 2010, Riley died due to multiple myeloma caused by his exposure to the toxic chemicals at Armstrong's facility.

On August 4, 2015, Appellant, on her own behalf and as administratrix of Riley's estate, filed the instant lawsuit. On September 1, 2015, Appellant filed an amended complaint. On October 20, 2017, Appellant filed a second amended complaint asserting claims for wrongful death and survival. Armstrong and Brenntag filed preliminary objections in which they argued that the applicable statute of limitations barred Appellant's claims.[1] On December 19, 2017, the trial court sustained Armstrong's and Brenntag's preliminary objections and dismissed the case with prejudice. This timely appeal followed.[2]

Appellant presents one issue for our review:

[Did the trial court err in concluding that the applicable statute of limitations bars Appellant's claims?]

Appellant's Brief at 4.

Appellant argues that the applicable statute of limitations does not bar her claims. "Issues involving the interpretation of a statute of limitations are questions of law for which our standard of review is *de novo* and our scope of review is plenary." **Erie Ins. Exch. v. Bristol**, 174 A.3d 578, 585 n.13 (Pa.

---

[1] A statute of limitations defense should be pled as new matter; not as a preliminary objection. Nonetheless, Appellant failed to file preliminary objections to Armstrong's and Brenntag's preliminary objections. Hence, the trial court could rule on the statute of limitations preliminary objections. **Hvizdak v. Linn**, 190 A.3d 1213, 1228 (Pa. Super. 2018) (citation omitted).

[2] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

2017) (citation omitted). We begin with a review of wrongful death and survival claims:

> At common law, an action for personal injury did not survive a person's death. To counter this, our legislature enacted a survival statute providing that all causes of action or proceedings, real or personal, shall survive the death of a plaintiff. All actions that survive the decedent, however, must be brought by or against the personal representative of the decedent's estate. Likewise, Pennsylvania law provides that an action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act, neglect, unlawful violence[,] or negligence of another. This wrongful death action exists only for the benefit of a decedent's spouse, children or parents. As with survival actions, an action for wrongful death may only be brought by the personal representative of a decedent for the benefit of those persons entitled by law to recover damages for the decedent's wrongful death.

*Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 258 (Pa. Super. 2017), *appeal denied*, 189 A.3d 993 (Pa. 2018) (cleaned up).

"Pursuant to 42 Pa.C.S.A. § 5524, the statute of limitations for a wrongful death and survival action is two years[.]" *Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 649 (Pa. Super. 2010), *appeal denied*, 34 A.3d 832 (Pa. 2011). The statute of limitations begins to run with respect to a survival action "at the latest" on the date the decedent dies. *Dubose v. Quinlan*, 173 A.3d 634, 645 (Pa. 2017) (citation omitted). The statute of limitations for a wrongful death action always begins to run on the date the decedent dies. *See id.* at 637. Hence, assuming *arguendo* that the statute of limitations for Appellant's survival claim began to run when Riley passed away (the latest

date possible), the statute of limitations for both claims expired on November 1, 2012, over 33 months prior to Appellant filing the instant lawsuit.

Appellant argues that the statute of limitations did not begin to run until our Supreme Court's decision in **Tooey v. AK Steel Corp.**, 81 A.3d 851 (Pa. 2013). **Tooey** clarified the scope of the Workers' Compensation Act. Our Supreme Court held that the Workers' Compensation Act's exclusivity provision does not cover an occupational disease-based disability that manifests over 300 weeks after the last occupational exposure. **Id.** at 859-864. Contrary to Appellant's arguments, **Tooey** did not create a new cause of action nor did the Workers' Compensation Act previously bar Appellant's claims. Instead, our Supreme Court clarified the scope of the Workers' Compensation Act's exclusivity provision, which had not changed. Moreover, **Tooey** did not overturn prior decisions of our Supreme Court. Instead, it overturned prior decisions of this Court. **See id.** at 856.

Appellant could have filed her lawsuit within two years of Riley's death and argued that the Workers' Compensation Act's exclusivity provision did not bar her claims. Many plaintiffs throughout our Commonwealth, including Tooey, filed such suits and argued that this Court's prior interpretation of the Workers' Compensation Act was incorrect. Appellant failed to do so, and our Supreme Court's **Tooey** decision did not extend the statute of limitations for her survival and wrongful death claims. Accordingly, the trial court correctly

- 4 -

sustained Armstrong's and Brenntag's preliminary objections and dismissed the claims with prejudice.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2018